*208 SUMMARY ORDER
Plaintiff-Appellant Stolt-Nielson Transportation Group (“Stolt”) seeks review of a March 7, 2008 memorandum and order of the district court and an order and judgment of that same date (1) denying its ex parte motion for leave to amend its petition for enforcement of an arbitration award against defendants, Edible Oil Trading Group (“Edible”), LIO Oil Industry Inc., Mineral Gida Dis Ticaret, A.S., and Lio Yag Sanayi Ve Ticaret A.S. (collectively, “LIO”), to add a claim for relief for attachment pursuant to Rule B(I) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (“Rule B”), and-(2) granting a default judgment in favor of Stolt against LIO. See In re Stolt-Nielsen Transportation Group B.V., No. 06 Civ. 703, 2008 WL 650891 (S.D.N.Y. Mar. 7, 2008).
On January 30, 2006, Stolt filed a petition in the district court to confirm an arbitration award against defendants. The district court entered a default judgment against defendant Edible on January 24, 2007, and directed the parties to conduct ' further discovery on whether LIO and Edible were alter egos. Thereafter, LIO defaulted on its discovery obligations and its counsel withdrew. On February 14, 2008, Stolt filed a motion to amend its petition to add a claim for attachment under Rule B as to all respondents. Stolt alleged “on information and belief’ that defendants would “have, or will shortly have, assets within this District” such as electronic funds, and sought an order allowing it to direct certain third-party financial institutions to seize electronic funds transfers belonging to respondents. The district court observed that defendants “presumably know that a judgment exists against them in this forum; thus, it is highly unlikely that they would send assets to or through New Yoi-k.” Id. at *2. The district court also observed that New York law would govern Stolt’s attempts to collect on its judgment against defendants if it did not have an action pending in district court to enforce an arbitration award. Under New York law, Stolt “could not issue restraining notices to various banks directing them to seize respondents’ money if and when it arrives.” Id. at *3 (citing N.Y. C.P.L.R. § 5222(b)).
On March 7, 2008, the district court denied Stolt’s motion to amend its complaint and, acting sua sponte, granted a default judgment against LIO. Stolt does not argue that the district court ezred granting the default judgment except “[i]n-sofar as the default judgment ... denies Stolt the ability to obtain Rule B relief.” But the district court was correct that Rule B is not a post-judgment remedy. “Maritime attachment is a prejudgment mechanism used by parties in admiralty cases to secure jurisdiction over an absent party and to obtain security for potential judgment where the absent party’s assets are transitory.” Williamson v. Recovery Ltd. P’ship, 542 F.3d 43, 48 (2d Cir.2008) (emphasis added). To the extent Stolt is arguing that the district court should have left the action pending indefinitely, in the hopes that one day defendants would attempt to transfer electronic funds through this district, we agree with the district court that “petitioner asks us to transform Rule B into a judgment collection spider’s web, ready to ensnare any of respondents’ assets that happen to pass by, whether today, next month, or next year. This was not the relief ... contemplated by Rule B.” In re Stolt-Nielsen, 2008 WL 650391, at *3.
Accordingly, the judgment of the district court is hereby affirmed.